UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JOE PANNARALE,            ) | |
|     Plaintiff,           ) | |
|            ) | |
| v.            ) | CAUSE NO.: 2:22-CV-37-TLS-JPK |
|            ) | |
| AUTO-OWNERS INSURANCE COMPANY,   ) | |
|     Defendant.           ) | |

## OPINION AND ORDER

This matter is before the Court *sua sponte*. The Court must continuously police its subject matter jurisdiction, *Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002), and must dismiss this action if the Court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

As the party seeking federal jurisdiction, Plaintiff has the burden of establishing that subject matter jurisdiction exists. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802-03 (7th Cir. 2009). The complaint alleges jurisdiction based on diversity of citizenship. For the Court to have diversity jurisdiction, no defendant may be a citizen of the same state as any plaintiff, and the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332(a). Plaintiff has alleged a sufficient amount in controversy, subject to any future challenge, but has not adequately alleged the defendant's citizenship.

A corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Plaintiff's complaint alleges that "Defendant, Auto-Owners Insurance Company . . . was and is a Michigan citizen, being a Michigan corporation with its principal place of business of underwriting and issuing property and casualty insurance policies." [DE 1, ¶ 1]. This appears to be a typographical error, but ultimately, if the defendant's principal

place of business is in a state other than Michigan, it is also a citizen of that state. Therefore, "in cases with corporate parties, it is necessary to allege both the state of incorporation and the state of the principal place of business, even if they are one and the same." *Karazanos v. Madison Two Assocs.*, 147 F.3d 624, 628 (7th Cir. 1998).

Accordingly, the Court **ORDERS** Plaintiff Joe Pannarale to **FILE**, on or before **April 15, 2022**, a supplemental jurisdictional statement that properly alleges the citizenship of Defendant Auto-Owners Insurance Company, as described above.

So ORDERED this 25th day of March, 2022.

s/ Joshua P. Kolar
MAGISTRATE JUDGE JOSHUA P. KOLAR
UNITED STATES DISTRICT COURT
