UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JOE PANNARALE,<br><br>        Plaintiff,<br><br>        v.<br><br>AUTO-OWNERS INSURANCE<br>COMPANY,<br><br>        Defendant. | CAUSE NO.: 2:22-CV-37-TLS-JPK |

## OPINION AND ORDER

This matter is before the Court on Defendant Auto-Owners Insurance Company's Motion to Dismiss Plaintiff's Complaint [ECF No. 17]. For the reasons discussed below, the Court grants the Defendant's Motion in part but grants the Plaintiff leave to amend his complaint.

## BACKGROUND

The Plaintiff filed the Complaint [ECF No. 1] on February 21, 2022. In it, the Plaintiff alleges that the Defendant issued him an insurance policy effective July 31, 2020, to July 31, 2021, covering a two-building apartment complex located at 105 and 111 Harrington Avenue, Crown Point, Indiana, and insuring "against direct physical loss or damage to the Building resulting from a covered cause of loss." Compl. ¶¶ 4, 6. The Plaintiff claims that, on February 22, 2021, the apartment complex "sustained direct physical damage in the form of ice damming and ensuing interior water intrusion," prompting the Plaintiff to submit a claim for loss under the terms of the insurance policy to the Defendant. Compl. ¶¶ 7, 8. The Plaintiff alleges the Defendant acknowledged the loss was covered under the insurance policy and issued the Plaintiff payments to cover what the Defendant determined to be "the actual cash value of the loss." *Id.* at ¶ 9. The Plaintiff alleges the payment amount the Defendant issued did not comply with the

terms of the insurance policy because the "Defendant's value of the loss (a) fails to include all of the damage to the Building; (b) fails to include the proper method to repair/replace the damage; and (c) includes pricing that is unreasonable and inadequate to repair/replace the damage." *Id.* at ¶ 10. Consequently, the Plaintiff's Complaint contains two counts. In Count I, the Plaintiff asks the Court to issue a declaratory judgment "[c]ompelling and requiring the parties to proceed with appraisal in accordance with the terms of the 'Appraisal' provision in the insurance policy to determine the amount of the loss . . . ." *Id.* at ¶ 16. In Count II, the Plaintiff alleges the Defendant has breached the insurance contract resulting in damages to the Plaintiff greater than $75,000; the Plaintiff requests the Court award the Plaintiff damages and prejudgment interest. *Id.* at ¶¶ 19, 22.

On April 12, 2022, the Defendant filed a Motion to Dismiss Plaintiff's Complaint [ECF No. 17], and a Motion for Judicial Notice [ECF No. 19]. On May 20, 2023, the Plaintiff filed a Response to the Motion to Dismiss [ECF No. 28] and a Response to the Motion for Judicial Notice [ECF No. 27]. On June 7, 2022, the Defendant filed a Reply in support of the Motion to Dismiss [ECF No. 31] and a Reply in support of the Motion for Judicial Notice [ECF No. 32]. The Court now takes up the merits of both motions.

## MOTION TO DISMISS STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a court may dismiss a claim for lack of subject matter jurisdiction. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443 (7th Cir. 2009); Fed. R. Civ. P. 12(b)(1). In considering a motion to dismiss for lack of subject matter jurisdiction, the "district court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff." *St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 625 (7th Cir. 2007) (quoting *Long v. Shorebank Dev. Corp.*, 182

F.3d 548, 554 (7th Cir. 1999)). In addition, "[t]he district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Id.* (quoting *Long*, 182 F.3d at 554). The burden of proof to demonstrate subject matter jurisdiction is on the party asserting jurisdiction. *See Lee v. City of Chicago*, 330 F.3d 456, 468 (7th Cir. 2003).

"A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted." *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014) (citing Fed. R. Civ. P. 12(b)(6); *Gen. Elec. Cap. Corp. v. Lease Resol. Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997)). When reviewing a complaint attacked by a Rule 12(b)(6) motion, the Court must accept all of the factual allegations as true and draw all reasonable inferences in the light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007); *Bell v. City of Chicago*, 835 F.3d 736, 738 (7th Cir. 2016). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

### ANALYSIS

A.      **Motion for Judicial Notice**

Before turning to the Motion to Dismiss, the Court considers the Defendant's request that the Court take judicial notice of the following documents: a Limited Liability Company Warranty Deed recorded in the Lake County Recorder's Office on August 1, 2019, Def. Ex. 1,

3

ECF No. 18-1; a Mortgage recorded in the Lake County Recorder's Office on August 1, 2019, Def. Ex. 2, ECF No. 18-1; and a Certificate of Good Standing, Corporation File Detail Report for "Vinci Enterprises, Inc.," Def. Ex. 4, ECF No. 18-1. The Plaintiff responds, in essence, that he does not oppose the Defendant's motion unless the documents are used to "establish a fact subject to reasonable dispute, such as who is the named insured" under the insurance policy. Resp. ¶ 4, ECF No. 27. The Court grants the motion and takes judicial notice of these documents, which together demonstrate that Vinci Enterprises, Inc. owned the insured property at the time of the alleged loss and that Giuseppe Pannarale is the president, secretary, and registered agent of Vinci Enterprises, Inc.

**B.     Motion to Dismiss**

The Defendant asserts two arguments in its Motion to Dismiss. Citing Federal Rule of Civil Procedure 12(b)(1) and Federal Rule of Civil Procedure 17(a)(1), the Defendant argues that because the Plaintiff does not possess any rights under the contract, he lacks standing to prosecute this case, is not the real party in interest, and, consequently, the Court lacks subject matter jurisdiction over the action. The Defendant also cites Federal Rule of Civil Procedure 12(b)(6) and contends the Plaintiff fails to state a claim upon which the Court could afford relief because the alleged injury is the Defendant's breach of the terms of the insurance contract and the Plaintiff is not a privy to the contract.

The Court first considers the Defendant's 12(b)(1) argument as "'[s]tanding is a threshold question in every federal case because if the litigants do not have standing to raise their claims the court is without authority to consider the merits of the action.'" *Meyers v. Nicolet Rest. of De Pere, LLC*, 843 F.3d 724, 726 (7th Cir. 2016) (quoting *Freedom From Religion Found., Inc. v. Zielke*, 845 F.2d 1463, 1467 (7th Cir. 1988)). "Standing is an essential component of Article III's

case-or-controversy requirement." *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443 (7th Cir. 2009). A plaintiff has standing to pursue a claim if the plaintiff shows "a concrete and particularized injury in fact" that "is fairly traceable to the challenged conduct" and that a court could provide redress for such an injury. *Spuhler v. State Collection Serv., Inc.*, 983 F.3d 282, 285 (7th Cir. 2020) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)).

"Regardless of which Federal Rule applies, all the arguments boil down to the question of whether Plaintiff was a party to the [insurance policy], which is a simple matter of contract interpretation." *CNC Sols. & Eng'g, LLC v. Korloy Am., Inc.*, No. 21-C-05651, 2022 WL 4608909, at *2 (N.D. Ill. Sept. 30, 2022). The Court begins with the straightforward premise that, here, where the Plaintiff's Complaint states he seeks to enforce a contract that he alleges he is party to, the Plaintiff could only have standing and state a claim for breach if he is, in fact, *actually a party* to the contract. See *NHI-2, LLC v. Wright Prop. Mgmt., Inc.*, No. 15 C 7913, 2018 WL 1138542, at *4 (N.D. Ill. Mar. 2, 2018) ("Plaintiff is not a party to the contract and therefore cannot assert a breach of contract claim against defendants. As such, plaintiff fails to demonstrate that it has suffered an injury in fact and therefore fails to meet the constitutional requirements of standing."); *see also OEC-Diasonics, Inc. v. Major*, 674 N.E.2d 1312, 1314–15 (Ind. 1996) (noting that under Indiana law, only parties to a contract or those in privity with the parties to a contract may enforce the contract).

1.  *Whether the Plaintiff is an Insured Under the Contract*

A federal court sitting in diversity, as in this case, applies federal procedural law and state substantive law. *First Nat. Bank and Tr. Corp. v. Am. Eurocopter Corp.*, 378 F.3d 682, 689 (7th Cir. 2004). The Court, therefore, follows Indiana state law in deciding the Defendant's 12(b)(1)

motion.

The Defendant argues the insurance contract does not provide the Plaintiff with any rights because the Plaintiff is not a "Named Insured" under the contract; rather, the insurance contract recognizes the Plaintiff as the person charged with receiving the mail on behalf of the insured. "Generally, only parties to a contract or those in privity with the parties have rights under the contract." *OEC-Diasonics, Inc.*, 674 N.E.2d at 1314–15. In his Complaint, the Plaintiff claims the "Defendant issued to Plaintiff, Joe Pannarale," the insurance policy at issue in this case. Compl. ¶ 4. The policy attached to the Complaint names the "Insured" as "Crown Crest Apartments c/o Joe Pannarale." Pl. Ex. A 8, ECF No. 1-1. An exhibit in conflict with the facts or allegations of a complaint typically supersedes the conflicting facts or allegations in the complaint. *Massey v. Merrill Lynch & Co.*, 464 F.3d 642, 645 (7th Cir. 2006) ("[A] plaintiff 'may plead himself out of court by attaching documents to the complaint that indicate that he or she is not entitled to judgment.'" (quoting *Centers v. Centennial Mortg., Inc.*, 398 F.3d 930, 933 (7th Cir. 2005))). Whether the language in the insurance policy conflicts with the Plaintiff's claim in his Complaint that he is the "Insured" under the contract depends on the meaning of "Crown Crest Apartments c/o Joe Pannarale."

The parties do not appear to dispute that the plain language meaning of "c/o" is an abbreviation for "care of." *See* C/O., Black's Law Dictionary (11th ed. 2019) (defining as "c/o. abbr (1889) Care of"). Their disagreement concerns whether the language "c/o" or "care of" can be defined in a way that allows the Plaintiff to be an insured individual under the insurance contract.

The Court must give a contract's language its plain meaning when it is clear and unambiguous. *Beam v. Wausau Ins. Co.*, 765 N.E.2d 524, 528 (Ind. 2002) (quoting *Allstate Ins.*

*Co. v. Boles*, 481 N.E.2d 1096, 1101 (Ind. 1985)). A contract is ambiguous if reasonable people would disagree as to the meaning of its terms. *Id.* (citing *Ind.-Ky. Elec. Corp. v. Green*, 476 N.E.2d 141, 145 (Ind. Ct. App. 1985)). "In insurance policies, 'an ambiguity is not affirmatively established simply because controversy exists and one party asserts an interpretation contrary to that asserted by the opposing party.'" *Id.* (quoting *Auto. Underwriters, Inc. v. Hitch*, 349 N.E.2d 271, 275 (Ind. Ct. App. 1976)). Where a contract is unambiguous, the parties' intent is determined from the four corners of the contract and its language is conclusive and binding. *Sunburst Chem., LLC v. Acorn Distribs., Inc.*, 922 N.E.2d 652, 653 (Ind. Ct. App. 2010).

      Each party provides caselaw from outside the State of Indiana for the Court to consider in explaining the plain language meaning of the contract term "care of." The Court constrains its determination of ambiguity to the dictionary definition and those cases. Before turning to that law, the Court notes the dictionary entry and explanatory sentence for "care of" suggests the following is its plain language meaning: "at the address of". . . . "You can write him *care of* his fan club." *Care of*, Merriam-Webster.com, https://www.merriam-webster.com/dictionary/care%20of (last visited Mar. 24, 2023).

      The Defendant relies on cases consistent with the dictionary definition, reasoning that "care of" merely indicates the Plaintiff is some kind of intermediary acting on behalf of Crown Crest Apartments and is not himself an insured individual with rights under the contract. The Court agrees.

      In the first case the Defendant cites, a federal court in North Carolina refused to find a plaintiff's service of process adequate where the summons did not list a defendant separately as a defendant but rather stated "[defendant A] c/o [defendant B]." *Wilson v. PNC Bank, N.A.*, No. 1:19-CV-472, 2020 WL 1144711, at *3 (M.D.N.C. Mar. 9, 2020). The court found service as to

7

defendant B improper and not reasonably certain to inform defendant B that it was named in the lawsuit as a defendant and not merely receiving process as defendant A's agent because "'c/o,' . . . typically denotes the place where or in whose care the addressee should receive a mailing." *Id.* (citing *Care Of*, Oxford English Dictionary (2d ed. 1989)). In the second case the Defendant advances, which also concerns the adequacy of service of process, an Alabama federal court declined to find adequate process where the plaintiff instructed the server of process to serve an agent of the defendant corporation "c/o" the defendant corporation. *Sheet Metal Workers' Union Loc. No. 441 Health & Welfare Fund v. Air Comfort Co.*, No. CIVA-10-118, 2010 WL 1729745, at *2 (S.D. Ala. Apr. 20, 2010). The court stated, "The notation 'c/o' is of course a shorthand for 'care of,' Black's Law Dictionary 291 (9th ed. 2004), and it means that the paper is intended to pass through the hands of an intermediary on its way to the addressee." *Id.* (citing *C & R Forestry, Inc. v. Consol. Human Res. Inc.*, No. CV 05-381, 2008 WL 4000161, at *10 (D. Idaho Aug. 28, 2008)).

The single case the Plaintiff advances, however, does not support his position that "Crown Crest Apartments c/o Joe Pannarale" gives him status as an insured under the contract. In *Day Commercial Management Inc. v. Royal Ins. Co. of Am.*, No. 3:00-CV-689, 2002 U.S. Dist. LEXIS 514, *18 (N.D. Tex. Jan. 15, 2002), the court considered the identity of the insured parties under an insurance contract that listed the insured as "[corporation A] % [the plaintiff]." The parties disagreed as to the meaning of the "%" symbol; the defendant argued it meant "in care of" and that the plaintiff was, therefore, not actually insured in his individual capacity under the contract. *Id.* at *18–19. The court ultimately rejected the defendant's position because it found "no authorities to support the Defendant's position as to the meaning of this '%' symbol in the contract, and further [found] that the language of the contract as a whole indicate[d] that the

8

parties intended to encompass [the plaintiff] as an insured under the [defendant's] policy." *Id.* This case is inapplicable because the court specifically refused to assign *any* meaning to the "'%'" symbol; it *did not* find that the "'%'" symbol meant "care of" and did not rely on the symbol in its finding that the plaintiff was an insured under the contract. *Id.*

The Plaintiff has not provided any reasoning other than the *Day Commercial* opinion—which does not support his position—to contest the ordinary and common meaning of "c/o" or "care of" as used in the contract.[1] Neither has the Plaintiff argued for the inapplicability of the meaning of "care of" provided in the cases the Defendant advance and in the common dictionary definition. Consequently, the Plaintiff does not show "care of" could reasonably be given another interpretation, and the Court finds the "Crown Crest Apartments c/o Joe Pannarale" language unambiguous and reviews only the four corners of the contract to assess the parties' intent. *Sunburst Chem., LLC*, 922 N.E.2d at 653.[2] The Plaintiff does not point to anything in the contract that demonstrates the parties intended for the "c/o" language to insure the Plaintiff in his individual capacity or that the parties intended for the "c/o" or "care of" language to have a different meaning than the plain language, dictionary definition aligning with the Defendant's interpretation.[3] Because the terms of the insurance contract do indeed conflict with the allegation

---

[1] The Plaintiff cites *Indiana Insurance Company v. O.K. Transport, Inc.*, 587 N.E.2d 129, 131 (Ind. Ct. App. 1992) to contend "the inclusion of 'c/o Joe Pannarale' within the description of the insured creates an ambiguity" in the contract's terms. Resp. 5, ECF No. 28. *Indiana Insurance Company* did not concern an insurance contract that featured any party responsible for the "care of" the insured, the Plaintiff does not attempt to explain this case's relevance, and the Court finds it is not useful to the analysis here.

[2] The Plaintiff points out that, in at least one document sent to the Plaintiff following the creation of the insurance contract—the estimate the Defendant sent the Plaintiff after the Plaintiff submitted the insurance claim—the Defendant has identified the "Insured" as "Joe Pannarale." Compl. Ex. B 1, ECF No. 1-2. Because the Court finds the contract unambiguous with respect to the "c/o Joe Pannarale" language in naming the insured party under the contract, the Court will not review this evidence external to the four corners of the contract in assessing the parties' intent with regard to this language. *See Sunburst Chem., LLC*, 922 N.E.2d at 653.

[3] The Plaintiff further argues that here, as was the case in *Day Commercial*, "a review of the policy as a whole evidences that the parties intended to insure Joe Pannarale. Under 'Section II – Who Is An Insured', individuals are insured, as are partners or members of a limited liability company are insured

in the Complaint that the Defendant insured the Plaintiff, the Court disregards the conflicting allegation and reviews only the language of the contract. *See Massey*, 464 F.3d at 645. Because the Plaintiff does not advance any caselaw or other argument reasonably suggesting "c/o" or "care of" insures the Plaintiff under the plain terms of the contract, the Court declines to find that the Plaintiff could be an "Insured" in his individual capacity under the contract.[4]

For these reasons, the Court finds that the Plaintiff lacks standing to bring a claim as an insured party under the contract as he has not shown that he has sustained "a concrete and particularized injury in fact" as a party to a contract that the Defendant breached. *Spuhler*, 983 F.3d at 285 (citing *Lujan*, 504 U.S. at 560–61); *see also Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (instructing that the party invoking a federal court's jurisdiction must demonstrate standing).[5] The Court denies as moot the Defendant's remaining basis for dismissal that the Plaintiff's Complaint fails to state a claim for a breach of contract entered into in his individual capacity under Rule 12(b)(6).[6]

2. *Third Party Beneficiary and Insurable Interest*

The Plaintiff briefly raises the arguments that (1) he has an insurable interest in the

---

with respect to the conduct of the business are all insured." Resp. 4, ECF No. 28. The Plaintiff misrepresents the contract's terms. "Section II" explains that *if* "designated in the Declarations as:" (1) "An individual" or (2) "A limited liability company" *then* such individual or limited liability company is insured. Compl. Ex. A 85, ECF No. 1-1. This argument is unavailing. The policy on whole does not suggest the insured was an individual; rather, the Tailored Protection Policy Declarations indicate the insured "[e]ntity" is a "Limited Liab Corp" and list the "Insured" simply as "Crown Crest Apartments" on multiple pages. *Id.* at 8–11. The Plaintiff has, therefore, not shown the policy was issued to him as an individual, nor has he alleged in his Complaint that Crown Crest Apartments is an entity on whose behalf he sues.

[4] The Court is not determining the individual or entity that the contract insures; rather it only finds Plaintiff Joe Pannarale is not, in his individual capacity, insured under the terms "Crown Crest Apartments c/o Joe Pannarale," as the Complaint claims. *See* Compl. ¶ 4.

[5] Because the Plaintiff has not shown he sustained any injury, the Court need not consider the other elements of standing. *Meyers*, 843 F.3d at 726 n.1 (citing *Lujan*, 504 U.S. at 560).

[6] Attached to the Plaintiff's Response is an affidavit in which the Plaintiff attests that, though he goes by Joe Pannarale, his legal name is Giuseppe Pannarale. Pl. Ex. A ¶ 2, ECF No. 28-1. The Defendant's Exhibit 4 attached to its Motion for Judicial Notice reflects that Giuseppe Pannarale is the president,

property and (2) he is a third-party beneficiary under the contract and supports these contentions with information raised for the first time in his response brief and the attached affidavit and exhibits. Resp. Exs. A, 1, 2, 3, ECF Nos. 28-1, -2, -3, -4. While a court should consider facts not pled in the complaint that a plaintiff subsequently asserts in response to a motion to dismiss or in an affidavit, a court can only do so "if those facts are consistent with the complaint's allegations." *Sterling v. Kazmierczak*, 983 F. Supp. 1186, 1189 (N.D. Ill. 1997) (citing *Albiero v. City of Kankakee*, 122 F.3d 417, 419 (7th Cir. 1997)). A court cannot, however, "consider newly alleged claims that are not raised in the complaint or facts that are not consistent with the complaint's allegations." *Id.*

The Plaintiff's Complaint cannot reasonably be construed as encompassing any allegation or fact supporting a claim that he possesses any indirect insurable interest or third-party beneficiary status in relation to the insurance contract. Rather, it states, "Defendant issued to Plaintiff, Joe Pannarale [], an insurance policy." Compl. ¶ 4. The Court finds that the arguments in his brief concerning the Plaintiff's third-party beneficiary status and insurable interest in the contract are inconsistent with and go beyond the allegations in his Complaint, and the Court cannot consider whether the Plaintiff states a claim for or has standing to assert claims not

---

secretary, and registered agent of Vinci Enterprises, Inc., the entity that owns the property that the Plaintiff alleges was insured under this contract. Def. Ex. 4, ECF No. 18-1. The Complaint does not contain any allegation or facts to support the theory that the Plaintiff is suing as the president, secretary, or registered agent of Vinci Enterprises, Inc. The Complaint makes no reference to Vinci Enterprises, Inc., and the Plaintiff does not purport to sue on behalf of Vinci Enterprises, Inc., but rather sues in his individual capacity. The Court, therefore, does not read the Complaint as attempting to state a claim that the Plaintiff, though not an "Insured" in his personal capacity, sues pursuant to his position as the president, secretary, or registered agent of Vinci Enterprises, Inc.; and the Court does not consider whether the Plaintiff has standing to pursue such a claim.

contained in the Complaint.[7]

3.   *Federal Rule of Civil Procedure 17*

The parties dispute whether the Plaintiff is the real party in interest to this action. Federal Rule of Civil Procedure 17 requires an action to be maintained by the "real party in interest." Fed. R. Civ. P. 17(a)(1). The Plaintiff notes Rule 17(a)(1)(F) states "a party with whom or in whose name a contract has been made for another's benefit" may sue without joining the person for whose benefit the action has been brought. This provision cannot apply to the Plaintiff pursuant to the allegations in his Complaint because, as discussed above, the contract was not made in his name, nor does the Complaint allege the contract was made for another party's benefit. However, that Rule further provides,

> The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action. After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest.

Fed. R. Civ. P. 17(a)(3). The parties have each suggested that Vinci Enterprises, Inc. could be a real party in interest.[8] Where a party makes an "honest mistake" in failing to name the real party

---

[7] The Plaintiff also supports these arguments with facts contained in exhibits. Pl. Exs. A, 1, 2, 3, ECF Nos. 28-1, -2, -3, -4. The Court cannot consider matters outside the pleadings without converting the Defendant's Motion to Dismiss into one for summary judgment unless those matters are (1) referenced in the Complaint and (2) are central to the Plaintiff's claim. *See Hutcherson v. Krispy Kreme Doughnut Corp.*, 803 F. Supp. 2d 952, 956 (S.D. Ind. 2011) (quoting *Wright v. Associated Ins. Cos.*, 29 F.3d 1244, 1248 (7th Cir. 1994)); Fed. R. Civ. P. 12(d); *Santana v. Cook Cnty. Bd. of Rev.*, 679 F.3d 614, 619 (7th Cir. 2012) (noting a trial court risks reversible error where it actually considers materials outside the pleadings without converting a motion to dismiss into one for summary judgment (quoting *Gen. Elec. Capital v. Lease Resol. Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997))). The facts asserted in these exhibits constitute matters outside the pleadings that are not referenced in the Complaint, or at least not referenced for the purpose of supporting a claim that the Plaintiff, though not a party to the insurance contract, nonetheless has an insurable interest and/or is a third-party beneficiary. The Court also notes the parties have not requested that the Court convert the Defendant's Motion to Dismiss into one for summary judgment.

[8] The Defendant in its motion notes that "Pannarale has not alleged any interest in the property," that "Vinci Enterprises, Inc., not Plaintiff Joe Pannarale, owns the property that is the subject of the Plaintiff's Complaint," and that Vinci Enterprises, Inc. . . . is not named as a party." Def. Mot. ¶ 6, ECF No. 17. The

in interest, courts are typically "lenient" in permitting an amendment joining that party. *See Est. of McNamara v. Navar*, No. 2:19-CV-109, 2020 WL 6194113, at *1 (N.D. Ind. Oct. 21, 2020) (quoting Fed. R. Civ. P. 17 advisory committee's note (1966)). Because Vinci Enterprises, Inc. has not filed a motion pursuant to Rule 17 seeking leave to join this action nor has the Plaintiff moved to substitute Vinci Enterprises, Inc. as the real party in interest, deciding whether Vinci Enterprises, Inc. could be the real party in interest is premature. As discussed below, the Court is granting the Plaintiff leave to amend his Complaint.

Relatedly, the Plaintiff states that, "even if this Court finds that Mr. Pannarale is not a real party in interest, Rule 17 allows him to cure the alleged defect which may include . . . seeking reformation . . . ." Resp. 7, ECF No. 28. Federal Rule of Civil Procedure 17 does not discuss reformation of a contract, and the Plaintiff provides no caselaw, reasoning, or other explanation to ground his request to reform the contract to include himself as an insured person in his individual capacity. "[S]keletal, perfunctory, or unsupported arguments are waived," and the Court declines to consider this argument. *Miller UK Ltd. v. Caterpillar, Inc.*, 292 F.R.D. 590, 591 (N.D. Ill. 2013) (citations omitted).

4.  *Request to Amend Complaint*

In his response, the Plaintiff requests leave to file an amended complaint. While a plaintiff may file an amended complaint as a matter of course within 21 days of service of a 12(b) motion to dismiss, Fed. R. Civ. P. 15(a)(1)(B), that deadline has passed. The Court, therefore, construes the Plaintiff's request to amend the Complaint as one under Rule 15(a)(2), which enables the Plaintiff to amend his Complaint only if the Defendant gives written consent

---

Plaintiff responds, "even if this Court finds that Mr. Pannarale is not a real party in interest, Rule 17 allows him to cure the alleged defect which may include filing an amended complaint . . . including Vinci Enterprises, Inc. as a party." Resp. 7, ECF No. 28.

13

or if the Court grants leave. *See* Fed. R. Civ. P. 15(a)(2). That Rule also provides the Court should freely give the requesting party leave when justice so requires. "And 'justice so requires' quite often." *Chianelli v. Whirlpool Corp.*, No. 21-CV-1008, 2022 WL 2916329, at *1 (E. D. Wis. July 25, 2022).

In its reply, while opposing an opportunity for the Plaintiff to reform the insurance contract to include the Plaintiff, the Defendant does not otherwise comment on the Plaintiff's request to amend his Complaint. The parties to not appear to dispute that the Plaintiff is Giuseppe Pannarale the president, secretary, and registered agent of Vinci Enterprises, Inc., *see* Def. Ex. 4, ECF No. 18-1; Pl. Ex. A, ECF No. 28-1, the entity that owns the property insured by the contract at issue, Def. Ex. 1, ECF No. 18-1, and the Defendant does not appear to contest the Plaintiff's assertion that the Defendant communicated directly with him in processing his claim for losses under the contract and issued him a loss payment.

"In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Chianelli*, 2022 WL 2916329, at *1 (quoting *Barry Aviation, Inc. v. Land O'Lake Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004)). Finding that justice requires that leave be freely given in this case, the Court grants the Plaintiff leave to amend his Complaint.

## CONCLUSION

For the reasons stated above, the Court hereby:

1. GRANTS the Motion for Judicial Notice [ECF No. 19];

2. GRANTS in part for lack of standing and DENIES in part as moot the Defendant's Motion to Dismiss [ECF No. 17] and DISMISSES the Complaint without prejudice;

3. GRANTS the Plaintiff up to and including May 15, 2023, to file an amended complaint; and

4. REMINDS the Plaintiff that any amended complaint substituting or joining a different party as a plaintiff must provide an updated statement of the basis for the Court's subject matter jurisdiction.

If the Plaintiff does not file an amended complaint by May 15, 2023, the Court will direct the Clerk of Court to close the case without further notice to the Plaintiff.

SO ORDERED on April 13, 2023.

                                        s/ Theresa L. Springmann
                                        JUDGE THERESA L. SPRINGMANN
                                        UNITED STATES DISTRICT COURT