UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JOE PANNARALE, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>AUTO-OWNERS INSURANCE COMPANY,<br><br>    Defendant. | Case No. 2:22-CV-00037-GSL-JEM |

## OPINION AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss Joe Pannarale as a Party-Plaintiff and Counts I and II of Plaintiffs' First Amended Complaint. [DE 44]. For the reasons set forth below, the Court grants Defendant's motion.

## BACKGROUND

On February 21, 2022, Plaintiff Joe Pannarale ("Individual Plaintiff") filed a Complaint against Defendant Auto-Owners Insurance Company. [DE 1]. The Court dismissed the action with leave to amend. [DE 36]. The Court held that Individual Plaintiff was not an insured party under the insurance policy and lacked standing to bring a claim under the policy. [*Id.*]. On May 15, 2023, Individual Plaintiff filed an Amended Complaint. [DE 37]. In the Amended Complaint, Individual Plaintiff added another party-plaintiff, Vinci Enterprises, Inc. ("Corporate Plaintiff") (collectively, "Plaintiffs"). [*Id.*]. The Amended Complaint added two additional claims on behalf of Corporate Plaintiff and included new bases for the original two claims by Individual Plaintiff, including being a third-party beneficiary. [*Id.*].

Plaintiffs allege a contract dispute under an insurance policy issued by Defendant. [DE 37]. The insurance policy concerns an apartment complex ("Crown Crest Apartments") that is

owned by Corporate Plaintiff. [*Id.*]. Individual Plaintiff was the President, Secretary, and Registered Agent of Corporate Plaintiff. [*Id.*]. Plaintiffs' action alleges that Defendant underpaid on insurance claims for weather-related damage to Crown Crest Apartments. [*Id.*].

On June 30, 2023, Defendant filed the instant motion to dismiss Individual Plaintiff from the action for lack of standing and to dismiss Counts I and II because they are brought only by Individual Plaintiff. [DE 44].

## LEGAL STANDARD

Pursuant to Rule 12(b)(1), courts are authorized to dismiss claims over which they have no subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A standing challenge under Rule 12(b)(1) tests "whether the allegations, taken as true, support an inference that the elements of standing exist." *Prairie Rivers Network v. Dynegy Midwest Generation, LLC*, 2 F.4th 1002, 1007 (7th Cir. 2021) (quoting *Bazile v. Fin. Sys. of Green Bay, Inc.*, 983 F.3d 274, 279 (7th Cir. 2020)). A court will accept as true all well-pleaded factual allegations and draw reasonable inferences in favor of the plaintiff. *Id*. However, the plaintiff bears the burden of establishing that subject-matter jurisdiction is proper. *See id.* at 1007-08. A court may look beyond the pleadings to determine whether proper subject matter jurisdiction exists. *Silha v. ACT, Inc.*, 807 F.3d 169, 173 (7th Cir. 2015).

## ANALYSIS

Under Indiana law, "only the parties to a contract, those in privity with the parties, and intended third-party beneficiaries under the contract may seek to enforce the contract." *Harold McComb & Son, Inc. v. JPMorgan Chase Bank, NA*, 892 N.E.2d 1255, 1258 (Ind. Ct. App. 2008). In the instant action, Individual Plaintiff brings Counts I and II under the theory that he is

a real party in interest because he is an insured party, or, alternatively, under the theory that he is an intended third-party beneficiary to the insurance policy.

### A. Standing to Sue Directly

Individual Plaintiff lacks standing to sue directly because he is not a real party in interest to this case. *See* Fed. R. Civ. P. 17(a)(1) ("An action must be prosecuted in the name of the *real party in interest*.") (emphasis added); *RK Co. v. See*, 622 F.3d 846, 850 (7th Cir. 2010) ("The 'real party in interest' is the person who possesses the right or interest to be enforced through litigation, and the purpose of [Rule 17(a)] is to protect the defendant against a subsequent action by the party actually entitled to recover."). The real party in interest to a case is the party that has suffered a direct injury, as opposed to a derivative harm resulting from injury to another. *See G & S Holdings LLC v. Cont'l Cas. Co.*, 697 F.3d 534, 541-42 (7th Cir. 2012); *Mid–State Fertilizer Co. v. Exch. Nat'l Bank of Chicago*, 877 F.2d 1333, 1335 (7th Cir.1989) ("When the injury is derivative, recovery by the indirectly injured person is a form of double counting.").

When a corporation has suffered an injury, "it is the corporate entity—not the individual shareholders—who retains the cause of action." *Massey v. Merrill Lynch & Co., Inc.*, 464 F.3d 642, 646 (7th Cir. 2006). This means that the action must be brought directly by the corporate entity or made derivatively, i.e., brought in the name of and on behalf of the corporate entity. *Id.* A corporate shareholder may only bring a direct action when there is a "breach of a duty owed specifically to the [shareholder] *separate and distinct* from the duty owed to the corporation." *Id.* at 648 (quoting *Sacks v. Am. Fletcher Nat'l Bank*, 279 N.E.2d 807, 811 (Ind. 1972)) (emphasis added).

In the instant case, Individual Plaintiff brings a direct action in his personal capacity, i.e., not on behalf of Corporate Plaintiff. [DE 49, page 3] ("[H]is claims are not derivative actions of

3

the corporation . . . ."). Both Individual Plaintiff and Corporate Plaintiff allege to hold an insurable interest in the Crown Crest Apartments. [DE 37, ¶ 27] ("Plaintiff, Joe Pannarele, had an insurable interest in the Crown Crest Apartments . . . ."); [*id.* at ¶ 40] ("The renewal policy was updated . . . wherein the insured was properly identified as Vinci Enterprises, Inc."). But Plaintiffs' pleadings are unconvincing that both party-plaintiffs suffered separate and distinct injuries. First, Plaintiffs admit that Corporate Plaintiff is the proper party to be insured under the policy, not Individual Plaintiff, and that the insurance policy was corrected to reflect this proper identification. [*Id.* at ¶¶ 37, 40]. Next, Plaintiffs admit that Corporate Plaintiff was the exclusive owner of Crown Crest Apartments during the entire term of the policy. [*Id.* at ¶ 36]. Lastly, Plaintiffs incorrectly assert that Individual Plaintiff holds an insurable interest in the building because of his corporate position. [*Id.* at ¶ 27]. This is without merit because any interest that is held by Individual Plaintiff, by virtue of his position, is merely derivative of the interest held by Corporate Plaintiff. *See Massey*, 464 F.3d at 650-51 (holding that directors are precluded from maintaining "direct actions that 'ordinary shareholders' could not bring"). Therefore, Plaintiffs fail to demonstrate that Individual Plaintiff has an actionable interest under the policy.

Because Plaintiffs failed to allege that Individual Plaintiff suffered separate and distinct injuries from Corporate Plaintiff, Individual Plaintiff is not a real party in interest to this case. Therefore, Individual Plaintiff lacks standing to sue Defendant directly.

### B. Third-Party Beneficiary

Individual Plaintiff also lacks standing to sue as a third-party beneficiary. Under Indiana law, to enforce a contract just by virtue of being a third-party beneficiary,

> [the third-party beneficiary] must show: (1) a clear intent by the actual parties to the contract to benefit the third party, (2) a duty imposed on one of the contracting parties in favor of the third party, and (3) the necessity of performance of the terms of the contract in order to render a direct benefit to that third party.

*Advanced Ground Sys. Eng'g, Inc. v. RTW Indus., Inc.*, 388 F.3d 1036 (7th Cir. 2004) (citing *Luhnow v. Horn*, 760 N.E.2d 621, 628 (Ind. Ct. App. 2001)). All three of these elements are required and Plaintiffs fail to demonstrate that any of them were satisfied.

First, Plaintiffs fail to demonstrate that the parties under the insurance policy intended to benefit Individual Plaintiff or create a duty owed to him. When evaluating the intent of contracting parties, the court will look for evidence of intent that "clearly appear[s] from the terms of the contract itself." *St. Paul Fire & Marine Ins. Co. v. Pearson Const. Co.*, 547 N.E.2d 853, 856 (Ind. Ct. App. 1989); *see Luhnow*, 760 N.E.2d at 630. Here, the contract at issue is the insurance policy. And the insurance policy does not show clear intent by the parties to benefit Individual Plaintiff nor evidence of any duty owed to him. Plaintiffs argue that clear intent to benefit Individual Plaintiff is demonstrated by the description of the named insured party under the policy: "Crown Crest Apartments c/o Joe Pannarele." [DE 49, page 4]. Specifically, Plaintiffs argue that had the contracting parties not intended to benefit Individual Plaintiff under the policy, then there would have been no need to "include his name within the definition of the 'Insured' under the Policy." [*Id.*]. This is misleading because Individual Plaintiff's name is included in the definition only with the "c/o" language. Contrary to Plaintiffs' argument that "c/o Joe Pannarele" demonstrates clear intent to benefit Individual Plaintiff, the "c/o" designation only shows that Individual Plaintiff was an intermediary between the parties, a custodian of the insured building, and an agent of the insured party. That language alone does not demonstrate clear intent to benefit Individual Plaintiff. Moreover, Plaintiffs' reference to the definition of the Insured explicitly names who is the insured party—Crown Crest Apartments, not Individual Plaintiff. In the pleadings, Plaintiffs argue that Crown Crest Apartments was the incorrect

name for the insured party. [DE 37, ¶ 37]. But the parties amended the insurance policy to change the insured party from Crown Crest Apartments to Corporate Plaintiff—not Individual Plaintiff. [DE 37, ¶ 40]. This further demonstrates that there was no clear intent by the contracting parties to benefit Individual Plaintiff under the policy.

Second, Plaintiffs fail to demonstrate that the insurance policy imposed any duty on any contracting party in favor of Individual Plaintiff. The policy imposes a duty on the Defendant to pay out an insurance claim to the insured party—Corporate Plaintiff, not Individual Plaintiff.

Third, Plaintiffs fail to demonstrate how enforcement of the insurance policy is necessary to render a direct benefit to Individual Plaintiff, as intended by the contracting parties. The basis of Plaintiffs' action is an alleged underpayment by Defendant on an insurance claim concerning Crown Crest Apartments. But enforcement of additional payments from Defendant would not directly benefit Individual Plaintiff. The only benefit would be indirect, flowing from Defendant to Corporate Plaintiff to Individual Plaintiff.

Since Plaintiffs failed to demonstrate that Individual Plaintiff is a proper third-party beneficiary, Individual Plaintiff lacks standing to sue in this case.

## CONCLUSION

For these reasons, the Court GRANTS Defendant's Motion to Dismiss. [DE 44]. The Court DISMISSES Joe Pannarale as a party-plaintiff and DISMISSES Counts I and II of Plaintiffs' First Amended Complaint. [*Id.*].

SO ORDERED.

ENTERED: May 30, 2024

/s/ GRETCHEN S. LUND
Judge
United States District Court