UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| VINCI ENTERPRISES, INC. ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:22-CV-37-GSL-AZ |
| ) | |
| AUTO-OWNERS INSURANCE ) | |
| COMPANY, ) | |
|     Defendant. ) | |

## OPINION AND ORDER

This matter is before the Court on Defendant Auto-Owners Insurance Company's Motion to Compel Complete Responses to Plaintiff Vinci Enterprises, Inc.'s Interrogatories and Requests for Production of Documents [DE 66]. Auto-Owners asks the Court to compel complete and specific responses to its Interrogatories 2, 21 and 22, and Requests for Production 10, 11, 31, and 37. The motion is granted with some limitations as explained below.

## Background

This case stems from an insurance claim on the Crown Crest Apartments, located in Crown Point, Indiana. Auto-Owners issued an insurance policy covering those apartments. DE 37 ¶¶ 6, 11. While that policy was in effect, on February 22, 2021, the apartments sustained damage from ice damming and water intrusion. *Id.* ¶ 12. Vinci submitted a claim, and Auto-Owners issued a payment for what it determined to be the actual cash value, which was the cost to repair and replace the damage minus any deductible and depreciation. *Id.* ¶ 13. Vinci disputed the amount, claiming Auto-Owners' valuation did not include all of the damage, did not include

the method used to repair and replace, and that the pricing was unreasonable and insufficient. *Id.* ¶¶ 16, 18. The parties could not resolve the dispute, and Vinci eventually filed suit.

After initial delays due to a motion to dismiss and the filing of an amended complaint, case deadlines were issued and the case proceeded. On July 11, 2024, Auto-Owners filed the instant motion, requesting the Court to compel Vinci to give more complete and specific responses to Interrogatories 2, 21 and 22, and Requests for Production 10, 11, 31, and 37. DE 66. Auto-Owners had served those interrogatories and requests on November 6, 2023, and Vinci responded on February 1, 2024. *Id.* at 1. On March 18, 2024, Auto-Owners contacted Vinci, both by counsel, raising the alleged deficiencies in the responses. *Id.* at 2. Auto-Owners followed up with another email on April 18, 2024, since it had not received a response. *Id.* Three days later, counsel for Vinci responded indicating she was working on a response that she would hopefully provide within a week. *Id.* But on May 22, 2024, Auto-Owners still had not gotten a response, and sent another email inquiring on the status. *Id.* After not receiving a response to the second email, Auto-Owners filed the motion to compel on July 11, 2024. *Id.* Vinci was granted leave to file a delayed response, which it filed on September 12, and Auto-Owners filed its reply on September 18, 2024.

Turning to the specific discovery responses Auto-Owners allege are insufficient, there are three interrogatories and four requests for production listed below:

> 1) INTERROGATORY NO. 2: Was an inspection of Building 105 and/or Building 111 performed by the purchaser of the Crown Crest Apartments

2

at any time prior to the sale of the Crown Crest Apartments to Vinci Enterprises, Inc. on July 31, 2019? If so, please identify the person(s) or entity(ies) performing the inspection, all documentation of the inspection, and the date the inspection took place.

ANSWER: Vinci objects to this Interrogatory as it calls for documentation and information beyond his possession and control.

2) INTERROGATORY NO. 21: Identify the name of each insurance carrier that provided property coverage for the Crown Crest Apartments from 2016 to the present and the policy number for each policy.

   ANSWER: Vinci objects to this Interrogatory as irrelevant beyond the subject policy.

3) INTERROGATORY NO. 22: Identify all tenants residing in Building 111 of the Crown Crest Apartments on February 22, 2021, including their name, unit number at the time of the loss, telephone number, and last known address.

   ANSWER: Vinci objects to this Interrogatory as overly broad, unduly burdensome, and irrelevant.

4) REQUEST FOR PRODUCTION NO. 10: All documentation showing ownership of the Crown Crest Apartments from 2018 to the present.

   RESPONSE: Vinci objects to this Request for Production as irrelevant. Vinci further objects to this Request for Production as it calls for information beyond his possession and control, as Vinci Enterprises purchased the property in 2019. Notwithstanding said objection, see all documents produced at PANNARALE 359-361.

5) REQUEST FOR PRODUCTION NO. 11: All documentation showing the corporate structure of Vinci Enterprises, Inc. from the date of formation to the present.

   RESPONSE: Vinci objects to this Request for Production as irrelevant.

6) REQUEST FOR PRODUCTION NO. 31: All documentation supporting your contention that the damage to Building 111 occurred on February 22, 2021.

>RESPONSE: Vinci objects to this Request for Production as irrelevant, as Auto-Owners does not dispute the February 22, 2021 date of loss. See the answer to paragraph 12 of Plaintiffs' First Amended Complaint.

7) REQUEST FOR PRODUCTION NO. 37: A copy of the rent roll for the tenants living in Building 111 Harrington on February 22, 2021.

>RESPONSE: Vinci objects to this Request for Production as irrelevant, as Plaintiffs do not have a claim for loss of rental income.

DE 66-3, 66-4.

## Analysis

Federal Rule of Civil Procedure 26(b)(1) permits discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Furthermore, the Rule provides that "[t]he discovery sought must not only be relevant, but it must be proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefits." *Generation Brands, LLC v. Decor Selections, LLC*, 2020 WL 6118558, at *4 (N.D. Ill. Oct. 16, 2020) (internal quotations and citations omitted); Fed.R.Civ.P. 26(b)(1). A party may seek an order to compel discovery when an opposing party fails to respond to discovery requests or provides evasive or incomplete responses. *See* Fed. R. Civ. P. 37(a). A party objecting to the discovery request bears the burden of showing why the request is improper. *See McGrath v. Everest Nat. Ins. Co.*, 625 F. Supp. 2d 660, 670 (N.D. Ind. 2008). The Court has broad discretion when deciding whether to compel discovery. *See Patterson v.*

*Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002) (*citing Packman v. Chi. Tribune Co.*, 267 F.3d 628, 646-47 (7th Cir. 2001); *Rennie v. Dalton*, 3 F.3d 1100, 1110 (7th Cir. 1993)).

1.  Interrogatory No. 2

Auto-Owners asks for information and records of any inspections conducted on Crown Crest Apartments prior to Vinci's purchase of the property on July 31, 2019. Vinci initially objected that any such records are beyond its control. In its response brief, Vinci now clarifies it did not perform a formal inspection prior to purchase and that its agent Joe Pannarale was the only Vinci representative to visit the property prior to purchase, but did not perform an inspection. DE 75 at 6. Vinci notes that an appraiser from Republic Bank inspected the property, but Vinci was never provided a copy. The appraisal by Republic Bank was referenced in documents produced by Vinci. *Id.*

Vinci states it will supplement its response to Interrogatory No. 2. To the extent it has not formally done so, the motion to compel a complete response to Interrogatory No. 2 is **GRANTED**.

2.  Interrogatory No. 21

Auto-Owners seeks information about prior insurance carriers and policies on the property since 2016. Vinci objected that the requested information is irrelevant. In its response brief, Vinci states that it purchased the property in July 2019, and immediately obtained coverage from Auto-Owners and therefore any responsive information after July 2019 would be in Auto-Owners' possession. *See* DE 75 at 6-7.

5

Vinci further states that it does not have in its possession any information about coverage from 2016 to 2019.

One of the central issues in this litigation is whether Auto-Owners should be required to repair or replace the roof under the policy, which is alleged to cost approximately $300,000. DE 75 at 8. Auto-Owners denied the payment for that repair was because it determined the damage was due to "long-term leaking." DE 76 at 11. In light of the contested issues in this case, it is reasonable for Auto-Owners to request information about prior insurance carriers on the property to investigate whether there are any records (including, for example, claims and inspections) that would reveal whether there were preexisting issues that would account for the damage. If these records were left behind by the previous owner, it would not be burdensome for Vinci to produce. Vinci says it does not have any records. Nevertheless, the Court instructs Vinci to conduct a further review of its records in light of this ruling. If after such review, Vinci is able to identify the names of insurance carriers who insured the property from 2016 to 2019, it must disclose that information. Auto-Owners' motion to compel a complete response to Interrogatory 21 is thus **GRANTED**.

3.   Interrogatory No. 22 and Request for Production No. 37

Auto-Owners seeks the names, contact information, and last known addresses of the residents of the building that suffered the damage at issue. It also requests the rent rolls of the apartments to identify the tenants. Vinci objects that these requests are overly broad, burdensome, and irrelevant. Auto-Owners wants this information

6

to develop its defense that the damage to the roof was preexisting. If residents observed water damage on the ceilings or walls before the claim was made, it would be relevant to the timeline of the damage. Vinci counters that Auto-Owners already paid for the interior water damage, and only one unit and hallway were damaged, which had a cost replacement basis of only $2,000. DE 75 at 8. It further argues that the residents would have no information about roof damage because they did not have access to the roof. *Id*. Vinci also raises a privacy concern for the tenants of the building.

This one is a closer call. On the one hand, Auto-Owners has articulated legitimate reasons for requesting information about residents. The tenants may have information about preexisting damage to the roof that was present in their apartments, or they may not. The only way to know is to ask them. Generally speaking, tenant information and rent rolls are a legitimate topic for discovery depending on the claim and any privacy concerns can be addressed by redactions of sensitive personal identifying information or a joint protective order. *See Gutierrez v. City of East Chicago*, 2017 WL 840396 (N.D. Ind. Mar. 2, 2017) (granting motion to compel information about tenants and ordering the submission of a protective order). Moreover, this is not a burdensome request. Information about individuals residing in 16 units at a specific relevant period in time should be easy to provide and is not out of proportion with a claim for $300,000 in damages.

On the other hand, the Court has concerns about the potential cost, delay, and burden of dragging non-party tenants into this litigation by subpoenaing them.

Although Auto-Owners is entitled to attempt to contact these individuals, the amount in controversy does not warrant a fishing expedition or undue imposition on these tenants, who have nothing to do with this lawsuit. Accordingly, the motion to compel responses to Interrogatory 22 and Request for Production 37 are **GRANTED**. But Auto-Owners is **ADMONISHED** that it may not subpoena or issue legal process to these individuals without obtaining leave from this Court.

4. Request for Production No. 10

Auto-Owners requests documentation identifying the ownership of the Crown Crest Apartments since 2018. Similarly to the above argument about the tenants, Auto-Owners believes the prior owner may have information about the condition of the roof before Vinci purchased the apartments. Vinci objected that any such documentation is irrelevant and beyond its control or possession. In its response brief, Vinci also claims that it provided the purchase contract and other documents related to the sale of the building by the prior owner to Vinci. DE 75 at 10. But Auto-Owners says it has not received these records. DE 76 at 14-15.

Information about the prior owner is relevant to the Auto-Owners' defense in the same way information about tenants is relevant, and likely more so. A prior owner is likely to know about preexisting damage to the roof that is relevant to the claim denial at issue in this case. Vinci's objection that it does not possess this information is confusing and at odds with its claim in its response brief that it produced documents about the purchase. To the extent Vinci was confused by the language in the request, Auto-Owners explained in a letter that it was asking for any documents

8

"evidencing the prior owner of the building." DE 66-5 at 3. This was a reasonable and relevant request. To the extent that documents sufficient to identify the prior owner of Crown Crest Apartments have not been provided, the motion to compel these records is **GRANTED**.

5.  Request for Production No. 11

Auto-Owners initially requested all documentation concerning Vinci's corporate structure since its inception, and later reduced that request to documentation as of 2019. In the initial insurance policy, the named insured was "Crown Crest Apartments c/o Joe Pannarale." DE 37 at 2. According to Auto-Owners, this was changed to Vinci Enterprises in 2021 because Auto-Owners was told that Vinci was being restructured. DE 76 at 15. In Count III of the First Amended Complaint, Vinci demands reformation of the contract with Vinci Enterprises as the named insured. DE 37 at 8. Auto-Owners claims that documentation concerning the corporate structure is relevant to the reformation claim, since it could show whether there was a mutual mistake or scrivener's error in naming Crown Crest Apartments c/o Joe Pannarale as the insured.

The scope of Auto-Owners' requests for all documentation relating to Vinci's corporate structure is overbroad, even with the time limitation of 2019 to the present. The issue here is the validity of Vinci's claim that a material error in the contract in effect at the time of the claim was due to a mistake or actual change in Vinci's corporate organization. To resolve this dispute, it is appropriate for Auto-Owners to obtain some information about Vinci's corporate structure, but only information that

9

is potentially relevant to the resolution of this issue. Accordingly, the motion to compel a response to request for production 11 is **GRANTED** with limitations. Vinci is **ORDERED** to provide records sufficient to show the name of all corporate entities within its organization that directly or indirectly owned Crown Crest Apartments from January 1, 2019 to the present.

6.  Request for Production No. 31

Auto-Owners requests any documents showing that the damage was caused on February 22, 2021. Vinci objected, somewhat astoundingly, on the grounds of relevance. Vinci initially believed that Auto-Owners admitted the damage was caused on that date, but Auto-Owners noted it only admitted that there was a loss and that coverage existed on that date. DE 76 at 13. In the briefings, Vinci amended its response to point to nine pages in its discovery documents which it believes fulfills the request for production. Auto-Owners concedes that had Vinci responded as such initially, a motion to compel for this request might have been avoided. *Id*. at 13-14.

Even so, Auto-Owners contends Vinci's amended response to the request seems inadequate. It notes that "the very essence of the coverage dispute between the parties is the condition of the roof before and at the alleged time of loss." *Id*. at 13. Auto-Owners denied coverage because it believes the damage was preexisting. It expresses doubt that the documentary evidence Vinci has to both prove its claim and rebut Auto-Owners' defense is merely nine pages. To ensure nothing was overlooked, the Court **INSTRUCTS** Vinci to do a further review for relevant records consistent with this Order, and supplement its response accordingly. To the extent any such

10

further documentation exists, the motion to compel a response to Request for Production 31 is **GRANTED**.

7. Sanctions

Auto-Owners requests fees and costs incurred for the motion to compel as well as the response to the motion for leave to file a delayed response by Vinci. DE 73. Because portions of the motion to compel are being granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees" unless the "nondisclosure . . . was substantially justified; or . . . other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A).

The Court reserves judgment at this time whether to award costs or fees. To resolve this issue, the Court **ORDERS** Auto-Owners to file a notice of fees and costs **no later than February 19, 2025,** that itemizes the fees and costs expended in preparing the motion and filings associated with this discovery dispute. The notice should at a minimum itemize the fees and costs incurred to prepare each filing for which it is seeking reimbursement from Vinci or its counsel, with supporting affidavits and/or documentation. The notice may contain any arguments <u>not already made</u> as to why it is entitled to fees and costs and why the amount requested is reasonable. The notice should not repeat arguments already made.

Vinci is **ORDERED** to file a response to Auto-Owners' notice with its arguments as to why fees and costs should not be awarded and whether the fees and

costs incurred by Auto-Owners is unreasonable **no later than March 4, 2025**. No replies to Vinci's response will be permitted.

## Conclusion

The Court hereby **GRANTS** Defendant Auto-Owners Insurance Company's Motion to Compel Complete Responses to Plaintiff Vinci Enterprises, Inc.'s Interrogatories and Requests for Production of Documents [DE 66], for responses to Interrogatories 2, 21 and 22, and Requests for Production 10, 11, 31, and 37, subject to the limitations explained above. The Court **ORDERS** Plaintiff Vinci Enterprises, Inc. to produce the responses and documents **no later than February 28, 2025**. If the parties believe a protective order is needed to facilitate compliance with this Order, it should file a motion for protective order and proposed order **no later than February 21, 2025**.

The Court further **ORDERS** Defendant Auto-Owners Insurance Company to file a notice of fees and costs as instructed above **no later than February 19, 2025**, and Plaintiff Vinci Enterprises, Inc. to file its response **no later than March 4, 2025**.

So ORDERED this 11th day of February 2025.

/s/ *Abizer Zanzi*  
MAGISTRATE JUDGE ABIZER ZANZI  
UNITED STATES DISTRICT COURT