**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION**

| | |
|---|---|
| VINCI ENTERPRISES, INC. ) | |
|       Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:22-CV-37-GSL-AZ |
| ) | |
| AUTO-OWNERS INSURANCE ) | |
| COMPANY, ) | |
|       Defendant. ) | |

**OPINION AND ORDER**

This matter is before the Court on Defendant Auto-Owners Insurance Company's Notice of Attorney's Fees and Costs [DE 83], filed February 19, 2025, after this Court granted Auto-Owners' Motion to Compel. *See* DE 82. Auto-Owners seeks fees and costs incurred from briefing the motion to compel along with opposing Plaintiff Vinci's motion for leave to file a late response to the motion to compel. Auto-Owners reported that the fees incurred for the motion to compel and for opposing the motion for leave were $5,744.60 and $919.40, respectively, for a total of $6,664. DE 83 ¶¶4-5. Vinci objects to the imposition of fees and costs on the grounds that Vinci was substantially justified in the discovery dispute and that the fees are unreasonable. For the following reasons, Auto-Owners' request for fees is granted, but not at the full amount requested.

**Background**

This matter is an insurance coverage dispute between Vinci and Auto Owners relating to apartments located in Crown Point, Indiana. The discovery motion underlying the instant motion for fees and costs concerned interrogatories and

requests for production that Auto-Owners served on Vinci on November 6, 2023. After Vinci provided responses to those written discovery requests on February 1, 2024, Auto-Owners promptly sent Vinci a letter dated March 18, 2024, claiming deficiencies in the responses. Auto-Owners sent a follow-up email to Vinci on April 18, after it did not receive a response to the March letter. Three days later, Vinci's counsel responded indicating that she was working on a response that she would hopefully provide within a week. More time passed without a response by Vinci, which prompted another email by Auto-Owners on May 22. By July 11, 2024, Auto-Owners had still not received a substantive response to the March 18 letter, and therefore filed its motion to compel on that date. Vinci asked for leave to file a delayed response to the motion to compel, which was granted over Auto-Owners' objections.

As detailed in the February 11, 2025 Opinion and Order, the Court granted Auto-Owners' motion to compel with some limitations and caveats, and in recognition of the fact that Vinci may not possess any further records that would be responsive to certain of the interrogatories and production requests at issue. The Court invited submissions on whether an award of fees and costs should be imposed on Vinci. DE 82 at 11. Auto-Owners filed its notice on February 19, 2025 [DE 83], and Vinci filed its response on March 4, 2025 [DE 86].

## Analysis

Because Auto-Owners' motion to compel was granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay

2

the movant's reasonable expenses incurred in making the motion, including attorney's fees" unless the "nondisclosure . . . was substantially justified; or . . . other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A).

"Rule 37(a)(4) is a fee-shifting rule. The winner is entitled to fees unless the opponent establishes that his position was substantially justified." *Rickels v. City of S. Bend, Ind.*, 33 F.3d 785, 787 (7th Cir. 1994) (internal quotations omitted); *see also Pursell v. HydroChem, LLC*, 2023 WL 3203104, at *1 (S.D. Ill. May 2, 2023) ("Rule 37(a)(5)(B) presumptively requires the movant to make good the victor's costs.") (citation omitted). Thus, Vinci must reimburse Vinci for its incurred costs, including attorney's fees, unless the presumption is overcome through a showing of "substantial justification" or "other circumstances" that would make an award "unjust." In making that determination, the Court possesses broad discretion. *United Consumers Club, Inc. v. Prime Time Mktg. Mgmt. Inc.*, 271 F.R.D. 487, 499 (N.D. Ind. 2010) ("The court has broad discretion when reviewing a discovery dispute and 'should independently determine the proper course of discovery based upon the arguments of the parties.'") (quoting *Gile v. United Airlines, Inc.,* 95 F.3d 492, 496 (7th Cir. 1996)). *See also Gehring v. Case Corp.,* 43 F.3d 340, 342 (7th Cir. 1994)) ("District judges have substantial discretion to make such decisions to curtail the expense and intrusiveness of discovery and trial."). Lastly, the party requesting fees bears the burden of explaining the activities it undertook with enough specificity that the court can determine its reasonableness. *United Consumers Club, Inc.* v. *Prime Time Mktg. Mgmt. Inc.*, 2011 WL 1375160, at *3 (N.D. Ind. April 12, 2011).

3

The briefings on the motion to compel, and the fact that most of the discovery disputes were resolved by Vinci's response, indicate that the fees incurred by bringing this issue to the Court were mostly unnecessary and avoidable. For example, with respect to Auto-Owners' inquiry regarding pre-closing inspections (Interrogatory No. 2), Vinci initially objected that the interrogatory called for information "beyond [its] possession and control." DE 66-3 at 3. This response informed Auto-Owners that an inspection may have been completed but left it guessing as to the details of any inspection. In its response to the motion to compel, Vinci claimed it was initially confused by the wording of the interrogatory and clarified that its bank had an appraiser inspect the buildings and that Joe Pannarale was the only Vinci representative that visited the property before the closing. DE 75 at 5-6. Vinci also pointed to a document it produced that indicated that the bank performed an appraisal.

The dispute over Interrogatory No. 2 could have been easily resolved if Vinci had responded to Auto-Owners' discovery letters. The same is true for other discovery disputes, including Auto-Owners' requests for information and records about prior insurance policies (Interrogatory No. 21) and prior owners (Request for Production No. 10), where Vinci claims it does not have any records and the Court ultimately ordered Vinci to produce any records if they exist after a further review. The Court is also confident from the briefings on the motion to compel that the dispute over the scope of the records relating to corporate structure and documents relating to the date of the property loss (Requests for Production 11 and 31) would likely have been

4

worked out through communication between the parties. The only potentially unresolvable issue in dispute was information and records requested relating to tenants who may have knowledge of the timing and extent of the property damage (Interrogatory No. 22 and Request for Production No. 37). I found Vinci's arguments regarding these requests to be justified and reasonable, which is why I granted the requests with substantial caveats and limitations that balanced the competing equities.

Vinci contends that some of Auto-Owners' discovery requests were confusing, and perhaps it was legitimately unsure about what was being asked in certain instances. Lawyers sometimes use imprecise language when drafting and responding to discovery requests and confusion can arise in the myriad of formulaic instructions and objections exchanged between the parties. It is understandable that lawyers responding to these requests may be reluctant to respond to requests it deems vague or confusing in a way that inadvertently misrepresents or binds their clients' positions. The best way to prevent these types of miscommunications is for both sides to be clear, forthcoming, and pragmatic in the way they draft written discovery. If terminology in a request is confusing, it is usually more efficient and cost effective for the responding party to explain what specific terms it finds confusing and to produce information and records while preserving objections, instead of making broad and boilerplate objections and not producing anything at all. *See Novelty, Inc. v. Mountain View Mktg., Inc.*, 265 F.R.D. 370, 375 (S.D. Ind. 2009) ("'general objections' made

5

without elaboration, whether placed in a separate section or repeated by rote in response to each requested category, are not 'objections' at all") (citation omitted).

In the Court's view, Vinci's responses to Auto-Owners' discovery requests generally reflected good faith efforts to respond but, in some instances, could have been clearer and more complete. The Court will give Vinci the benefit of the doubt that Vinci was not being obstinate in its discovery obligations. But by choosing to make blanket objections rather than being more specific and pragmatic as described above, it was incumbent upon Vinci to resolve any confusions or concerns it had through the meet and confer process. Auto-Owners did its part to resolve any differences. It sent communications to Vinci in March, April, and May of 2024. Vinci's response to the April letter that a response was forthcoming indicates that it intended to engage in this process, but it failed to do so for reasons unknown. The Court does not infer any bad motive or gamesmanship in Vinci's lack of response. But whatever its reasons, Auto-Owners incurred $5,744.60 in fees that were mostly avoidable and it is not fair for Auto-Owners to bear that unnecessary cost. *See Yessenow v. Hudson*, 270 F.R.D. 422, 429-30 (N.D. Ind. 2010) (awarding attorney's fees where a party's failure to engage in the meet and confer process forced the other party to file a motion to compel, thereby delaying the litigation"). Therefore, the Court will award fees against Vinci's counsel, since there is no indication that Vinci itself is responsible for the failure to meet and confer.

Vinci argues that the amount of fees requested by Auto-Owners is unreasonable. Vinci does not dispute the hourly rate used by Auto-Owners, but rather

6

the amount of time spent on the motion to compel. Specifically, Vinci claims much of the work identified in the affidavit by Auto-Owners is duplicative, and that the Court must scrutinize carefully when determining the hours spent on motion practice. *See Romary Associates, Inc. v. Kibbi, LLC*, 2011 WL 4948834, at *5 (N.D. Ind. Oct. 8, 2011) ("When multiple attorneys are simultaneously researching, preparing, and drafting a single motion, it will inevitably lead to unnecessary duplication, which the court must take account of in determining the hours reasonably expended.").

Auto-Owners incurred $5,744.60 preparing the motion to compel and reply brief. This figure is the sum of 26.2 associate hours at a rate of $132 per hour and 16.1 partner hours at a rate of $142 per hour. The hourly rates are reasonable. But because of the generalized way in which the time entries are written (e.g., "Draft Section of Motion to Compel," "Prepare Motion to Compel," and "Draft Section of Reply to Motion to Compel"), it is hard to tell whether there is duplicative work. Several time entries by the partner and associate appear very similar, but most of the entries were in small increments and none appear excessive on their own for the work reported. *See* DE 83-2. The 42.3 hours of amount of time expended on the motion to compel briefs is arguably high, but the written submissions were thorough, organized, and well-supported and provided the appropriate level of detail to assist the Court in its determination. Nevertheless, Auto-Owners bears the burden of providing sufficient detail to support its calculation of fees. *See United Consumers Club, Inc.*, 2011 WL 1375160, at *3. And due to the generalized nature of the time entries and the total time spent on the motion to compel and reply brief, I will reduce

7

the fee award to account for any possible inefficiencies in the amount time spent by both a partner and associate on similar tasks.

The Court will also take into account the fact that Vinci had reasonable and substantive justifications for several of its objections and substantively responded to several of the discovery requests at issue, albeit in a somewhat unclear or incomplete manner. And even though most of the issues in the motion to compel could have been avoided through the meet and confer process, some issues were likely to be litigated such as the discovery relating to tenants, where I ruled in Auto-Owner's favor but with limitations and caveats, as explained above. Accordingly, I will use my discretion to further reduce the fee award based on a determination that "other circumstances" which would make an award of the full costs sought by Auto-Owners "unjust." S*ee* Fed. R. Civ. P. 37(a)(5)(A)(i)–(iii). Taking into account these considerations, the Court finds that a 50% reduction in the fees incurred by Auto-Owners is fair, in the amount of $2,872.30. I will not award fees incurred by Auto-Owners for opposing Vinci's motion for leave to file a delayed response because I granted the motion and found excusable neglect for missing the deadline. *See* DE 74.

## Conclusion

For the foregoing reasons, the Court **GRANTS in part and DENIES in part** Defendant Auto-Owners Insurance Company's Notice of Attorney's Fees and Costs [DE 83] and **ORDERS** Plaintiff's Counsel Christina M. Phillips to pay $2,872.30 in attorney's fees pursuant to Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure.

Plaintiff's Counsel Christina M. Phillips shall pay this amount to Defendant Auto-Owners Insurance Company by **April 25, 2025**.

So ORDERED this 3rd day of April 2025.

/s/ *Abizer Zanzi*  
MAGISTRATE JUDGE ABIZER ZANZI  
UNITED STATES DISTRICT COURT